IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAMELOT DISTRIBUTION GROUP,
a California Corporation,

      Plaintiff,                     No. 2:11-cv-02432 GEB KJN

  v.

DOES 1 THROUGH 1210, inclusive,

      Defendants.               ORDER
_____/

        Presently before the court is plaintiff's motion for expedited discovery, through which plaintiff seeks permission to serve discovery subpoenas on various third-party Internet Service Providers ("ISPs") in order to obtain the identities of "Doe" defendants who are alleged to have infringed on plaintiff's exclusive distribution rights in regards to a copyrighted motion picture entitled *Wreckage* ("Motion Picture").[1]  (Mot. to Expedite Discovery, Dkt. No. 7; see also First Am. Compl. ¶¶ 1-2, 6, 8, 13.).  The undersigned heard plaintiff's motion on shortened time on September 22, 2011.  (See Order, Sept. 19, 2011, Dkt. No. 8; Minutes, Sept. 22, 2011, Dkt. No. 10.)  Attorney Scott Hervey appeared on behalf of plaintiff.  No appearance was made by or on behalf of any of the Doe defendants or the ISPs because, of course, none of the Doe

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

defendants has yet been identified by plaintiff or served with the First Amended Complaint.

The undersigned has considered plaintiff's motion and its counsel's oral arguments and, for the reasons stated below, grants plaintiff's motion to conduct limited early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1). Plaintiff may serve third-party subpoenas on the various ISPs pursuant to Federal Rule of Civil Procedure 45 in order to ascertain the identities of the Doe defendants in this action.

I.   BACKGROUND

Plaintiff filed its initial complaint in this copyright infringement action on September 14, 2011, and filed a First Amended Complaint on September 15, 2011. Plaintiff's First Amended Complaint names 1,210 Doe defendants, and alleges that the true names of the defendants are unknown at this time.[2] (First Am. Compl. ¶ 2; see also Hervey Decl. ¶ 8.) A status (pretrial scheduling) conference is set for December 12, 2011 (Order Setting Status (Pretrial Scheduling) Conference at 1, Dkt. No. 5), and no Rule 26(f) conference has taken place. Plaintiff has indicated that it intends to seek a preliminary injunction in regards to the alleged infringing activity. (See Ex Parte Appl. to Shorten Time at 2; Mot. for Expedited Discovery at 7.)

As of the date plaintiff filed its complaint, the Motion Picture at issue had not been commercially released in the United States. (Hervey Decl. ¶ 3.) As noted above, plaintiff alleges that it "is licensed with the exclusive right to distribute the Motion Picture in the United States for any and all media platforms," and was granted such right by the producer of the

---

[2] The use of "Doe" defendants is generally disfavored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, a plaintiff should be given an opportunity through discovery to identify such defendants where the identities of those defendants are not be known prior to the filing of a complaint, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

copyrighted Motion Picture.³ (First Am. Compl. ¶ 6; see also Hervey Decl. ¶ 3.) It further alleges that "each Defendant, without the permission or consent of Plaintiff, made use of one or more [peer-to-peer ('P2P')] networks to download a copy of the Motion Picture, [and] distributed the Motion Picture to the general public, by making the Motion Picture available for distribution to other users of the P2P network." (First Am. Compl. ¶ 8; see also Hervey Decl. ¶ 3.) Specifically, plaintiff alleges that the unauthorized distribution was facilitated by the use of software which operated using a "BitTorrent protocol," the mechanics of which are further described in the First Amended Complaint and the declaration of plaintiff's counsel attached to plaintiff's motion.⁴ (See First Am. Compl. at 1-3; Hervey Decl. ¶¶ 4-7.) Plaintiff alleges that this distribution amounts to copyright infringement in violation of 17 U.S.C. § 501. (See First

---

³ Pursuant to 17 U.S.C. § 501(b), the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." Accord Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005) (en banc). It appears that plaintiff at least provisionally has standing to pursue this action.

⁴ A magistrate judge in the Northern District of California summarized the BitTorrent protocol as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011) (unpublished).

3

1 Am. Compl. ¶ 13.)

2 On September 16, 2011, plaintiff filed its motion to conduct expedited discovery. Plaintiff seeks an order permitting it to serve Rule 45 subpoenas on over 100 ISPs in order to obtain the "name, current (or permanent) addresses, telephone numbers, and email addresses" of each Doe defendant, with the aim of amending the First Amended Complaint to state the true names of each defendant. (Mot. to Expedite Discovery at 5.) Although plaintiff does not presently know the identities of the allege infringers, plaintiff obtained the Internet Protocol ("IP") addresses assigned to each alleged infringer by his or her ISP on the date and time that the alleged infringing activity was observed. (Hervey Decl. ¶ 8.) Plaintiff alleges that the infringing activity occurred over a 15-day period, and plaintiff attached a lengthy table of IP addresses, dates and times of activity, "FileHash" information, and the name of the ISP associated with each IP address and event.[5] (See id. & Ex. A.) This list identifies approximately 111 different ISPs. (Id., Ex. A.) Plaintiff represents that "[o]nly the ISP who issued the IP address connected with the unauthorized downloading holds the ability to specifically identify the subscriber associated with the identified IP address." (Id. ¶ 8.)

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*" (emphasis added). District courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273 (N.D.

---

[5] At the hearing, plaintiff's counsel represented that plaintiff lawfully obtained the IP addresses and related information through use of a third-party internet service firm, which compiled the information by locating and tracking publicly available data.

4

Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted).

III.     DISCUSSION

Here, plaintiff seeks permission to expedite discovery and serve Rule 45 subpoenas on approximately 111 ISPs. District courts within the Ninth Circuit have regularly found good cause supporting early or expedited discovery in cases where the plaintiffs allege copyright infringement accomplished through distribution of the work over a peer-to-peer network, and where the plaintiffs name only Doe defendants and seek early discovery in order to obtain the identities and contact information of the alleged infringers from associated ISPs. See, e.g., Berlin Media Art E.K. v. Does 1through 146, No. S-11-2039 KJM GGH, 2011 WL 4056167, at *2 (E.D. Cal. Sept. 12, 2011) (unpublished); OpenMind Solutions, Inc. v. Does 1-39, No. C 11-3311 MEJ, 2011 WL 3740714, at *1-4 (N.D. Cal. Aug. 23, 2011) (unpublished); MCGIP, LLC v. Does 1-149, No. C 11-02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (unpublished); MCGIP, LLC v. Does 1-30, No. C11-03680 HRL, 2011 WL 3501720, at *3-4 (N.D. Cal. Aug. 10, 2011) (unpublished); UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4-5 (N.D. Cal. Sept. 3, 2008) (unpublished).

Consistent with the vast majority of district courts in this Circuit to consider the issue, the undersigned finds that good cause supports permitting plaintiff to conduct limited early discovery in order to discover the identities of the Doe defendants.[6] First, plaintiff has only

---

[6] Judges in the Northern District of California have considered four factors derived from Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573 (N.D. Cal. 1999), in evaluating motions for permission to conduct early discovery in cases such as this one. These judges have considered "whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps

named Doe defendants in this action, has declared through its counsel that the identities of the Doe defendants are unknown to plaintiff at this time, and has credibly declared through its counsel that it cannot serve the First Amended Complaint until it conducts discovery into the identities of the persons associated with the IP addresses in Exhibit A to plaintiff's counsel's declaration.  Second, plaintiff plainly cannot conduct a Rule 26(f) conference without knowing the names and contact information of the Doe defendants.  Third, plaintiff's representations presently support that each IP address is associated with a particular individual and that the discovery sought will facilitate identification of the defendants and service of process.  The undersigned also finds, at least on the present record, that the ISPs will not suffer any material prejudice by being served with Rule 45 subpoenas that require the ISPs to provide the names and contact information of some of its customers.  Although the number of ISPs at issue is somewhat staggering, plaintiff's discovery is limited in terms of the type of information sought.  Finally, each ISP and defendant may move to quash the subpoena or seek a protective order.

> The undersigned notes that several district judges and magistrate judges, predominantly in the Northern District of California, have repeatedly expressed procedural concerns in cases such as this one regarding, among other things, the propriety of venue in that district and the propriety of the joinder of the unknown defendants in one action.  See, e.g., On The Cheap, LLC v. Does 1-5011, --- F. Supp. 2d ---, No. C10-4472 BZ, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011) (collecting cases).  Indeed, several of these judges who considered motions for expedited discovery have permitted the plaintiff to conduct discovery in regards to a single Doe defendant, but have "severed" or dismissed the remaining Doe defendants on the basis of improper joinder.  See, e.g., OpenMind Solutions, Inc., 2011 WL 3740714, at *4-5 (granting early discovery as to one Doe defendant but dismissing all but one of the 39 Doe

---

taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process."  See MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2 (citing Columbia Ins. Co., 185 F.R.D. at 578-80).

defendants from the action without prejudice for improper joinder); <u>MCGIP, LLC v. Does 1-149</u>, 2011 WL 3607666, at *3-4 (granting early discovery as to one Doe defendant but dismissing all but one of the 149 Doe defendants from the action without prejudice for improper joinder); <u>Diabolic Video Prods., Inc.</u>, No. 10-CV-5865-PSG, 2011 WL 3100404, at *4-5 (N.D. Cal. May 31, 2011) (unpublished) (granting early discovery as to one Doe defendant but severing all but one of the 2,099 Doe defendants from the action for improper joinder); <u>see also</u> <u>On The Cheap, LLC</u>, --- F. Supp. 2d ---, 2011 WL 4018258, at *1-2 (dismissing 5,010 defendants without prejudice for improper joinder after expedited discovery was permitted and conducted). However, other district courts have permitted plaintiffs to conduct early discovery and have deferred the question of improper joinder until after the Doe defendants have been named and served with process.  <u>See</u>, <u>e.g.</u>, <u>On The Cheap, LLC</u>, --- F. Supp. 2d ---, 2011 WL 4018258, at *1 & n.3 (noting the differing approaches and collecting cases); <u>Boy Racer, Inc. v. Does 1-60</u>, No. C 11–01738 SI, 2011 WL 3652521, at *4 n.1 (N.D. Cal. Aug. 19, 2011) (unpublished) (same).

       The undersigned defers ruling on the issue of permissive joinder for two reasons. First, the undersigned cannot rule on the issue of misjoinder because a determination regarding the propriety of joinder is beyond the limited jurisdiction of the magistrate judges of this court. <u>See</u> E. Dist. Local Rule 302(c).  Second, even if the undersigned were permitted to make a determination on the issue of misjoinder, the undersigned concludes that a decision regarding joinder would be more appropriately made after further development of the record.

IV.    <u>CONCLUSION</u>

       For the foregoing reasons, IT IS HEREBY ORDERED that:

       1.    Plaintiff's motion to expedite discovery (Dkt. No. 7) is granted.

       2.    Plaintiff may immediately serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 on the ISPs identified in Exhibit A of the Declaration of Scott M. Hervey filed in support of plaintiff's motion to expedite discovery.  Such subpoenas shall be limited in scope and designed to seek information that permits plaintiff to identify the Doe

defendants. Plaintiff may only seek the name, current or permanent addresses, telephone number, and email address of each Doe defendant associated with each IP addresses in Exhibit A.

3. Plaintiff shall serve a copy of this order on each ISP served with a Rule 45 subpoena.

4. If an ISP is served with a subpoena, that ISP shall provide written notice, which may include notice via email, to the subscribers in question within five business days.

5. Nothing in this order precludes any of the ISPs or its subscribers associated with one of the subject IP addresses from challenging the subpoenas consistent with the Federal Rules of Civil Procedure and this court's Local Rules. However, any ISP or subscriber that wishes to move to quash the subpoena or for a protective order shall do so before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

6. If an ISP or subscriber files a motion to quash or a motion for a protective order, the ISPs shall preserve the information sought by the subpoena pending resolution of such a motion.

7. Any information disclosed to plaintiff by any ISP may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq., in this action and as stated in the First Amended Complaint.

IT IS SO ORDERED.

DATED: September 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE